**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**BEVERLY J. ROTHWELL,**

                      **Plaintiff,**

      v.                           **Civil No. 3:03-CV-0637**
                                             **(GLS/DEP)**

**CHENANGO COUNTY NYSARC**
**PENSION PLAN and CHENANGO**
**COUNTY CHAPTER NYSARC,**

                        **Defendants.**
_____

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PLAINTIFF:**
LEVENE, GOULDIN LAW FIRM        MARGARET J. FOWLER, ESQ.
450 Plaza Drive
Vestal, New York 13902-0106

**FOR THE DEFENDANTS:**
POPE, SCHRADER LAW FIRM        JAMES A. SACCO, ESQ.
P.O. Box 510
20 Hawley Street
Binghamton, New York 13902

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Pending before the court is an application for attorney's fees and

costs by plaintiff, Beverly Rothwell (Rothwell).  This action was commenced after Rothwell voluntarily resigned from employment with the Chenango County Chapter NYSARC (ARC).  Rothwell instituted this lawsuit seeking retirement benefits owed her by ARC.  Following a bench trial, the court entered judgment in favor of Rothwell on the first cause of action.  Rothwell now seeks attorney's fees in the amount of $31,856.18.  For the reasons that follow, the motion for attorney's fees and costs is **GRANTED** with some modifications as to the amounts requested.

## II. Procedural History

On May 23, 2003, Rothwell brought this action against ARC alleging, *inter alia,* violations of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461.[1]  Following a bench trial, the court permitted supplemental briefing.  After reviewing the post-trial submissions, the court issued a written decision on September 19, 2005.  *Dkt. No. 76.*  In that decision, the court entered judgment for Rothwell in the amount of $18,870.88 plus 9% simple interest from December 24, 2001, to the date of

---

[1] The complaint alleged violations of 29 U.S.C. § 1132(a)(1)(B) and (a)(3)(B). Specifically, Rothwell claimed that NYSARC: (1) denied her plan benefits; (2) failed to inform her of her plan rights; (3) failed to administer the plan in a uniform manner; (4) failed to provide an accurate and comprehensive summary plan description (SPD); and (5) intentionally interfered with her rights and discriminated against her.

2

judgment. *Id.* The court dismissed Rothwell's other claims as duplicative, but it reserved decision regarding her application for attorney's fees. *Id.*

On September 30, Rothwell filed the instant motion for attorney's fees. On October 13, ARC filed its opposing memorandum of law.

### III. Facts

The court incorporates by reference the factual summary in the Memorandum-Decision and Order dated September 19, 2005. *Dkt. No. 76*.

### IV. Discussion

**A.  ERISA and Attorney's Fees**

"An application for attorney's fees in an ERISA case is governed by 29 U.S.C. § 1132(g)(1)." *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987). "ERISA's attorney's fees provision must be liberally construed to protect the statutory purpose of vindicating retirement rights, even when small amounts are involved." *Id.* at 872. "Ordinarily, the decision is based on five factors: (1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action

3

conferred a common benefit on a group of pension plan participants." *Id.* at 871 (citation omitted). "The decision of whether to award fees lies within the discretion of the district court." *Id.*

If the court determines that an award of attorneys' fees is warranted, then it must determine the reasonable hourly rate. A reasonable hourly rate must be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *N.Y. State Teamsters Conference Pension & Ret. Fund v. United Parcel Serv., Inc.*, 2004 WL 437474, at *2 (N.D.N.Y. Feb. 27, 2004) (citation omitted). "The 'prevailing community' has been interpreted as the district where the court sits." *Id.* (internal quotation and citation omitted).

Generally, when awarding attorneys' fees, courts in the Northern District follow the lodestar method, where a determination is made of hours reasonably spent by counsel multiplied by the reasonable hourly rate. *See O'Grady v. Mohawk Finishing Prods., Inc.,* 1999 WL 309888, at *2 (N.D.N.Y. Jan. 15, 1999). At the relevant time, the prevailing rates[2] in this

---

[2]The prevailing rates changed seven days prior to Rothwell's motion for attorneys' fees. *See Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 2005 WL 2346084, *3 (N.D.N.Y. Sept. 23, 2005). The current hourly rates are "$210 for experienced attorneys, $150 for associates with more than four years experience, $120 for less experienced associates, $80 for paralegals and the traditional one-half these rates for time spent traveling." *Id.* Rothwell requested an hourly rate lower than both the new and old

4

district were $175 per hour for the most experienced attorneys, $125 per hour for attorneys with four or more years of experience, $100 per hour for attorneys with less than four years of experience, and $65 per hour for work done by paralegals.  *N.Y. State Teamsters*, 2004 WL 437474, at \*2 (citing *I.B.E.W. Local No. 910 Welfare, Annuity and Pension Funds ex rel. Love v. Dexelectrics, Inc.*, 98 F. Supp. 2d 265, 275 (N.D.N.Y. 2000)).  The work of law clerks is also compensable under the lodestar method.  *Hannigan v. Bd. of Ed. of the Brunswick Cent. Sch. Dist.*, 1997 WL 10971, at \*3 (N.D.N.Y. Jan. 9,1997) (citation omitted).

As mentioned, "the relevant community for calculation of the lodestar [rate] with respect to an attorney's services in the district court is normally the forum district."  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 369 F.3d 91, 96 (2d Cir. 2004).  The Second Circuit "and other circuits have strayed from this rule only in the rare case where the 'special expertise' of non-local counsel was essential to the case, [or] it was clearly shown that local counsel was unwilling to take the case, or other special circumstances existed."  *Arbor Hill*, 369 F.3d at 96 (alteration in original) (citation omitted).  In other words, the lodestar amount is used

---

lodestar rates, so the court will not address the new hourly rates.

5

unless a party demonstrates that a departure is necessary.  Thus, "[t]he burden of proving that such an adjustment is necessary to the determination of a reasonable fee is on the fee applicant."  *Blum v. Stenson*, 465 U.S. 886, 898 (1984).

### 1. The Degree of ARC's Culpability or Bad Faith

The court must consider the five *Chambless* factors to determine whether an award of attorneys fees is appropriate.  The first factor to be considered by the court is the degree of ARC's culpability or bad faith.  "A defendant is 'culpable' under *Chambless* where it 'violated ERISA, thereby depriving plaintiff[ ] of rights under a pension plan and violating a Congressional mandate.'"  *Salovaara v. Eckert*, 222 F.3d 19, 28 (2d Cir. 2000) (citation omitted).  "Culpable conduct is commonly understood to mean conduct that is 'blameable; censurable; . . . at fault; involving the breach of a legal duty or the commission of a fault....'"  *Locher v. UNUM Life Ins. Co. Of Am.*, 389 F.3d 288, 298 (2d Cir. 2004) (quoting *McPherson v. Employees' Pension Plan of Am. Re-Ins. Co., Inc.*, 33 F.3d 253, 256-47 (3d Cir. 1994).

Here, the court finds that ARC's actions were culpable.  ARC never

6

distributed a SPD to plan participants when the plan was adopted in 1996. When Rothwell resigned, there was an undistributed SPD in place. Rothwell never saw it nor did she know the details of her pension plan when making her resignation decision.  Moreover, after Rothwell submitted her resignation, she was advised that the Plan was suffering market losses that she would not incur.  In fact, had she understood her options, she could have resigned earlier to avoid market losses or she could have delayed her resignation to reduce losses by ARC's year-end employee contribution.

As a result of ARC's failure, Rothwell was unable to make an informed retirement decision because she had no SPD or plan information. ARC's failure to distribute the SPD, a basic requirement of ERISA, coupled with the failure to advise Rothwell about the valuation cut-off date before her resignation, prejudiced Rothwell and deprived her of rights under her pension plan.  Accordingly, ARC's actions are sufficient to satisfy this prong of the court's analysis.

**2.    Ability of ARC to Satisfy an Award of Attorney's Fees**

The second prong in the court's analysis is the ability of the losing party to satisfy an award of attorney's fees.  ARC does not deny that it has

7

the ability to pay attorney's fees. ARC points out that Rothwell has already been awarded 9% interest which is more than she would have earned had the money been invested in the stock market, a money market, or in a certificate of deposit. ARC's argument that the fees will come out of the funds dedicated to a limited number of other plan participants is not without merit. Accordingly, the court will decrease the amount requested by thirty percent.

### 3. Whether an Award of Fees would Deter Others from Acting Similarly Under Like Circumstances

The court next considers whether an award of fees would deter others from acting similarly under like circumstances. Here, to require ARC to pay attorney's fees would serve to deter similarly inappropriate behavior of pension plan administrators. One of the basic tenets of ERISA requires pension plan administrators to provide their participants with an SPD and apprise them of important changes to the plan. As Rothwell notes, small plans administered by not-for-profit agencies or closely-held businesses should be aware of their fiduciary duties and be responsible to plan members just like administrators of larger, more sophisticated plans. The court finds that an award of attorney's fees in this case would serve to

8

deter other administrators of small pension plans from failing to comply with these essential ERISA requirements.

### 4. The Relative Merits of the Parties' Positions

The court next considers the relative merits of the parties' positions. Here, it is clear that Rothwell's position had merit. The court also found ARC's argument regarding Rothwell's reasons for her resignation meritless.[3] Accordingly, this factor weighs in Rothwell's favor.

### 5. Whether the Action Conferred a Common Benefit on a Group of Pension Plan Participants

Finally, the court must consider whether the action conferred a common benefit on a group of pension plan participants. "Failure to satisfy the fifth *Chambless* factor does not preclude an award of attorney's fees." *Locher*, 389 F.3d at 299 (citing *Mendez v. Teachers Ins. and Annuity Ass'n and College Ret. Equities Fund*, 982 F.2d 783, 789 (2d Cir. 1992)). As Rothwell points out, awarding attorney's fees will have an indirect benefit for plan participants in deterring others from failing to comply with ERISA's demands. Even though this is an indirect effect, absence of the fifth

---

[3] ARC argued at trial that Rothwell resigned from her position due to health problems and that knowledge of her pension cut-off date would not have affected her decision. The court found this position meritless.

9

*Chambles* factor will not preclude an award of attorney's fees. Here, the court has already determined that an award of attorney's fees will deter others from violating ERISA. Accordingly, the court ignores this factor.

**B.    Number of Compensable Hours**

"To determine the number of hours that should be compensable, the court must initially look to the amount of time spent on each category of tasks, as documented by contemporaneous time records of the moving party's attorney." *McGhee v. Apple-Metro, Inc.*, No. 03 Civ. 1870, 2005 U.S. Dist. LEXIS 11103, at *3-4 (S.D.N.Y. June 6, 2005). "The court must then determine how much of that time was 'reasonably' expended." *Id.* "In calculating the number of 'reasonable hours,' the court must look to its own familiarity with the case and its experience with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *Id.* (quoting *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)). "If the court concludes that portions of the expended time were not reasonably necessary to achieve the successful result obtained by the movant, it should reduce the time for which compensation is

10

awarded." *Id.*

Here, Rothwell's attorney, Ms. Fowler, expended 183.80 hours of time preparing for Rothwell's case.[4]  Mr. Hooks, Rothwell's prior counsel, expended approximately 16 hours of time preparing for Rothwell's case.[5] Together, the time expended in preparation for Rothwell's case is equivalent to almost 200 hours.  The court finds the total amount of time expended unreasonable.  Accordingly, the court exercises its discretion to decrease the total monetary amount requested by thirty percent.

### 1. Attorneys' fees

| Attorney/ others | Requested hourly rate | Requested hours | Requested amount |
|---|---|---|---|
| Atty Margaret Fowler | $150 | 178.30 | $26,745.00 |
| Atty Edward Hooks | $185 | 16.0 | $3,015.50 |

---

[4]Ms. Fowler expended 178.30 hours of her own time.  Ms. Fowler's paralegal expended 2.30 hours, and Ms. Fowler's legal intern expended 3.2 hours.

[5]Mr. Edward Hooks, an attorney at Harris Beach, LLP, represented Rothwell prior to his withdrawal.  He was advised of a potential conflict of interest and subsequently withdrew from his representation of Rothwell.  For his services, Mr. Hooks billed Rothwell $3,015.50 at $185.00 per hour.  Mr. Hooks is an experienced ERISA attorney.

11

| | | | |
|---|---|---|---|
| Legal Intern Marco Koshykar | $60 | 3.2 | $192.00 |
| Paralegal Ellen Hanson | $50 | 2.3 | $115.00 |
| | | | **Grand Total Requested** |
| | | | $30,067.50 |

## 2. Costs

| Service | Levene Gouldin & Thompson, LLP |
|---|---|
| Total Cost | $1,788.68 |

## 3. Total

| Total Cost | Minus 30% |
|---|---|
| $31,856.18 | $22,299.33 |

**Accordingly, and for the reasons stated, Rothwell's motion for attorneys' fees and costs is GRANTED for a TOTAL AMOUNT OF $22,299.33.**

**WHEREFORE, it is hereby**

**ORDERED, that ARC pay Rothwell's attorneys' fees and costs in**

12

**the amount of $22,299.33; and it is further**

**ORDERED, that the Clerk of the Court serve a copy of this Order upon the parties.**

**IT IS SO ORDERED.**

**January 17, 2006**
**Albany, New York**

*Gary L. Sharpe*
U.S. District Judge